IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| AARON LEUTHE, )<br>)<br>) 2:24-CV-00715-MJH<br>Plaintiff, )<br>)<br>vs. )<br>)<br>COMMONWEALTH OF )<br>PENNSYLVANIA; DEPARTMENT OF )<br>HUMAN SERVICES, | |
| Defendant, | |

OPINION

Plaintiff, Aaron Leuthe, *pro se*, commenced this proceeding by filing a Motion to Proceed In Forma Pauperis (ECF No. 1) and attaching a Complaint (ECF No. 1-1), against Defendants, Commonwealth of Pennsylvania and Pennsylvania Department of Human Resources (DHS), alleging violations of his civil rights under 42 U.S.C. § 1983 and the False Claims Act under 31 U.S.C. § 3729 and also citing to 38 U.S.C. § 511, 42 U.S.C. § 659, and 38 U.S.C. § 5301.

Upon review of Plaintiff's Motion to Proceed In Forma Pauperis and attached Complaint (ECF No. 1), the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, but the Court will, sua sponte, dismiss Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e).

I. Motion to Proceed In Forma Pauperis

First, the Court must determine whether a litigant is indigent within the meaning of 28 U.S.C. § 1915(a). Upon review of Plaintiff's Motion and his affidavit in support, the Court finds the Plaintiff is without sufficient funds to pay the required filing fee. Thus, he will be granted

leave to proceed in forma pauperis, but the Court will proceed to screen Mr. Leuthe's Complaint pursuant to 28 U.S.C. § 1915(e).

    II.     Background

Within the same week as the filing of the instant matter, Mr. Leuthe has filed two other lawsuits (2:24-cv-686 and 2:24-cv-714).  From these three filings, the Court can reasonably infer that each lawsuit derives from Mr. Leuthe being ordered to pay child support from his veteran's benefits.  Mr. Leuthe's suits appear to be under the belief that state agencies, such as DHS, cannot attach his veterans benefits pursuant to several enumerated federal statutes including under the Civil Rights Act (42 U.S.C. § 1983) and the False Claims Act.  In its prior Opinion in *Leuthe v. DHS*, 2:24-cv-714 (May 28, 2024), the Court fully addressed the same issues brought against DHS and thus incorporates by reference that analysis, which would apply to both DHS and the Commonwealth.  However, as the Commonwealth was not named in the contemporaneously filed suit, the Court will briefly address the additional reason why Mr. Leuthe's claims will be dismissed against the Commonwealth.

    III.    Relevant Standards

28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant.

    IV.     Discussion

Under the Eleventh Amendment, states are immune from suit in federal court. *See, e.g., Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). While a state may lose its immunity by Congressional abrogation or by waiver, Congress has not abrogated the States' immunity from § 1983 actions, *Quern v.*

*Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), and the Pennsylvania legislature has expressly declined to waive its sovereign immunity by statute. *Lavia v. Pennsylvania Dep't of Corrections*, 224 F.3d 190, 195 (3d Cir.2000); 42 Pa. Cons.Stat. Ann. § 8521(b). Therefore, Mr. Leuthe cannot maintain his claims against the Commonwealth because it is immune under the Eleventh Amendment.

Accordingly, for the above stated reason and the reasons stated in this Court's Opinion in *Leuthe v. DHS*, Mr. Leuthe's claims in the instant matter will be dismissed.

V.    Conclusion

Upon consideration of the foregoing, this Court will grant Mr. Leuthe's Motion to Proceed in Forma Pauperis (ECF No. 1). The Clerk will be directed to file the Complaint (ECF No. 1-1). Furthermore, upon review of Mr. Leuthe's Complaint, the Court, sua sponte, in accordance with 28 U.S.C. 1915 (e) finds that Mr. Leuthe cannot support a claim against DHS or the Commonwealth of Pennsylvania. Therefore, Mr. Leuthe's Complaint will be dismissed. Because it is clear on the face of Mr. Leuthe's allegations that he cannot maintain a claim against DHS and the Commonwealth, no leave to amend will be granted. A separate order will follow.

DATED this 28th day of May, 2024.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge